**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MICHAEL MARTINHO, | |
| Plaintiff, | Civil Action No. 23-22936 (ZNQ) (TJB) |
| v. | **OPINION** |
| KARL KEYS, et al., | |
| Defendants. | |

**QURAISHI, District Judge**

This matter comes before the Court on the Court's *sua sponte* screening of Plaintiff's complaint. (ECF No. 1.)  Because Plaintiff was previously granted *in forma pauperis* status in this matter, (*see* ECF No. 5), this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismiss any claim which is frivolous, malicious, fails to state a claim for relief, or seeks relief from an immune defendant.  For the reasons set forth below, Plaintiff's complaint shall be dismissed in its entirety.

**I.      BACKGROUND**

In his complaint, Plaintiff seeks to raise civil rights claims against the public defender who represented him in his criminal matter, Defendant Keys, and the Warren County Public Defender's Office, based on Keys' alleged failures in representing Plaintiff.  (ECF No. 1.)  Essentially, Plaintiff contends Keys did not follow state ethics rules, did not cross examine witnesses, did not

present evidence in Plaintiff's defense, and committed malpractice in so failing Plaintiff in court. (*Id.* at 4-7.)

## II. **LEGAL STANDARD**

Because Plaintiff has been granted *in forma pauperis* status, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Pursuant to the statute, this Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Id.* (quoting

2

*Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557). While *pro se* pleadings are to be liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

### III.    DISCUSSION

In this matter, Plaintiff seeks to raise civil rights claims under 42 U.S.C. § 1983 against his public defender and the public defender's office which employs him. Public defenders and public defender's offices, however, do "not act under color of state law when performing a lawyer's traditional functions" and are thus not proper Defendants in a civil rights matter.[1] *Polk Cnty. v. Dodson*, 454 U.S. 312, 318 (1981); *see also Carter v. Kane*, 717 F. App'x 105, 108 (3d Cir. 2017); *Walker v. Pennsylvania*, 580 F. App'x 75, 78 (3d Cir. 2014). As all of Plaintiff's claims relate to Keys' actions in his capacity as a public defender in Plaintiff's criminal matter, Plaintiff's claims fail to state a claim for which relief may be granted and Plaintiff's complaint must be dismissed in its entirety.

---

[1] To the extent Plaintiff wishes to pursue his malpractice claims, he may do so by filing an appropriate civil suit in state court.

### IV. CONCLUSION

For the reasons expressed above, Plaintiff's complaint (ECF No. 1) shall be **DISMISSED** in its entirety for failure to state a claim for which relief may be granted.  An order consistent with this Opinion will be entered.

                                           *s/ Zahid N. Quraishi*
                                           ZAHID N. QURAISHI
                                           UNITED STATES DISTRICT JUDGE